UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ERIC HAFNER, | |
|---|---|
| Plaintiff, | |
| -against- | 23-CV-9862 (LTS) |
| SENATOR ROBERT MENENDEZ, | TRANSFER ORDER |
| Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Newark, New Jersey, brings this *pro se* action under the Racketeer Influenced and Corrupt Organization ("RICO") Act.[1] He sues New Jersey Senator Robert Menendez, whom Plaintiff alleges resides in Hudson County, New Jersey, and maintains an office at the United States Senator Office Building in Washington, D.C. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

## DISCUSSION

Plaintiff brings his claims under the RICO Act, which includes its own venue provision. The venue provision provides that claims under the RICO Act "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Venue for a RICO Act claim thus generally lies where a defendant resides or transact his affairs. Plaintiff alleges that Defendant resides in Hudson County, New Jersey, and maintains an office in Washington, D.C. Plaintiff alleges no facts suggesting that Defendant, who is the United States Senator for New

---

[1] Plaintiff did not pay the $402.00 in fees require to file a civil action in this court or submit an application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Jersey resides, is found, or has an agent in this District, or that he transacts his affairs in this District.[2]

Plaintiff alleges that venue is proper in this district under 28 U.S.C. § 1391(b)(2), which is a provision of the general venue statute. Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Even if the Court assumes that Section 1391 applies to this action, Plaintiff does not allege that Defendant resides in this District (or in any district in the State or New York) or that a substantial amount of the events or omissions giving rise to claims occurred in this District. In fact, nowhere in the complaint does Plaintiff mention this District or any federal judicial district within the State of New York.

Because Plaintiff does not allege that Defendant resides or has an agent in this District, transacts his affairs in this District, or that the events or omissions giving rise to his claims

---

[2] This District, the Southern District of New York includes the following New York counties: New York, Bronx, Westchester, Putnam, Dutchess, Orange, Rockland, and Sullivan. *See* 28 U.S.C. § 112(b).

occurred in this District, from the face of the complaint, it is clear that venue is not proper in this court under either RICO's venue provision or Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff brings RICO claims and alleges that Defendant, who is the United States Senator for the State of New Jersey, resides in Hudson County, New Jersey. Although venue may also be proper in the District of the District of Columbia, where Defendant maintains an office and may conduct his affairs, it is clear that venue is proper in the District of New Jersey. *See* 18 U.S.C. § 1965(a). Accordingly, venue lies in the District of New Jersey, 18 U.S.C. § 1965(a), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 21, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge